IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES DEPARTMENT OF STATE,<br><br>　　　　　　　　　Defendant. | Case No. 17 Civ. 7520 (PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO EXPEDITE
FREEDOM OF INFORMATION ACT ("FOIA") ACTION**

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
nroman@cov.com

Mark H. Lynch[i]
Jaclyn E. Martínez Resly[i]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001-4956
(202) 662-6000
mlynch@cov.com
jmartinezresly@cov.com

Johnathan Smith
Sirine Shebaya[ii]
MUSLIM ADVOCATES
P.O. Box 66408
Washington, DC 20035
(202) 897-1897
johnathan@muslimadvocates.org
sirine@muslimadvocates.org

Richard B. Katskee[i]
Eric Rothschild[i]
Andrew L. Nellis[i*]
AMERICANS UNITED FOR SEPARATION
OF CHURCH AND STATE
1310 L St. NW, Suite 200
Washington, DC 20005
(202) 466-3234
katskee@au.org
rothschild@au.org
nellis@au.org

[i] Admitted *pro hac vice*
[ii] Admission pending
[*] Admitted in New York. Supervised by Richard B. Katskee, a member of the D.C. Bar.

*Attorneys for Plaintiff Brennan Center for Justice at New York University School of Law*

## TABLE OF CONTENTS

Page

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 4

I.     FOIA Actions Are Especially Appropriate for Expedition .................................................. 4

II.     Expedition is Warranted Here .............................................................................................. 6

CONCLUSION ............................................................................................................................... 9

# **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Am. Civil Liberties Union v. Dep't of Defense*,
    339 F. Supp. 2d 501 (S.D.N.Y. 2004) ..................................................................................4, 5

*Elec. Privacy Info. Ctr. v. Dep't of Justice*,
    416 F. Supp. 2d 30 (D.D.C. 2006) ..................................................................................5, 6, 8

*Ettlinger v. FBI*,
    596 F. Supp. 867 (D. Mass. 1984) ............................................................................................5

*Ferguson v. FBI*,
    722 F. Supp. 1137 (S.D.N.Y. 1989) ..................................................................................4, 5, 6

*Ferguson v. FBI*,
    729 F. Supp. 1009 (S.D.N.Y. 1990) ..........................................................................................6

*Fox News Network, LLC v. U.S. Dep't of the Treasury*,
    739 F. Supp. 2d 515 (S.D.N.Y. 2010) ........................................................................................5

*Freedom Commc'ns Inc. v. FDIC*,
    157 F.R.D. 485 (C.D. Cal. 1994) .........................................................................................5, 9

*Int'l Refugee Assistance Proj. v. Trump ("IRAP II")*,
    857 F.3d 554 (4th Cir. 2017) (en banc), *vacated as moot sub nom. Trump v.
    Int'l Refugee Assistance Proj. ("IRAP III")*, — S. Ct. —, 2017 WL 4518553
    (Oct. 10, 2017) ........................................................................................................................2

*Int'l Refugee Assistance Proj. v. Trump ("IRAP IV")*,
    — F. Supp. 3d —, 2017 WL 4674314 (D. Md. Oct. 17, 2017), *appeal
    docketed* No. 17-2231 (4th Cir. Oct. 20, 2017) ..................................................................2, 7

*Knight Publishing Co. v. U.S. Dep't of Justice*,
    608 F. Supp. 747 (W.D.N.C. 1984) ..........................................................................................5

*Nat. Res. Def. Council v. Dep't of Energy*,
    191 F. Supp. 2d 41 (D.D.C. 2002) ........................................................................................5, 8

*Ontario Forest Indus. Assoc v. United States*,
    30 C.I.T. 1117 (Ct. Int'l Trade 2006) .......................................................................................8

*Providence Journal Co. v. U.S. Dep't of the Army*,
    769 F. Supp. 67 (D.R.I. 1991) ..................................................................................................5

*Trump v. Int'l Refugee Assistance Proj. ("IRAP III")*, — S. Ct. —, 2017 WL
    4518553 (Oct. 10, 2017) ...................................................................................................7

*Washington v. Trump*,
    2017 WL 462040 (W.D. Wash. Feb. 3, 2017) ..................................................................2

**Statutes**

5 U.S.C. § 552 ............................................................................................................... *passim*

28 U.S.C. § 1657(a) ...............................................................................................................4, 6

**Other Authorities**

22 C.F.R. § 171.11(f) .................................................................................................................3

82 Fed. Reg. 8977 (Jan. 27, 2017) ............................................................................................1

82 Fed. Reg. 13209 (Mar. 6, 2017) ...........................................................................................1

H.R. Rep. No. 985, 98th Cong., 2d Sess. (1984) ...................................................................6, 8

*Trump v. Int'l Refugee Assistance Proj. ("IRAP III")*, — S. Ct. —, 2017 WL
    4518553 (Oct. 10, 2017) ...................................................................................................7

*Washington v. Trump*,
    2017 WL 462040 (W.D. Wash. Feb. 3, 2017) ..................................................................2

**Statutes**

5 U.S.C. § 552 ............................................................................................................... *passim*

28 U.S.C. § 1657(a) ...............................................................................................................4, 6

**Other Authorities**

22 C.F.R. § 171.11(f) .................................................................................................................3

82 Fed. Reg. 8977 (Jan. 27, 2017) ............................................................................................1

82 Fed. Reg. 13209 (Mar. 6, 2017) ...........................................................................................1

H.R. Rep. No. 985, 98th Cong., 2d Sess. (1984) ...................................................................6, 8

## BACKGROUND

Plaintiff brings this motion to expedite because Defendant has failed timely to produce documents relevant to the President's Muslim Travel Bans notwithstanding the requirements of the Freedom of Information Act ("FOIA").  Plaintiff seeks production within 21 days of this Court's Order and an explanation as to why any material was withheld a week after that.

As the Court is likely aware, the Trump administration has issued three broad bans on travel to the United States by nationals of foreign countries (the "Muslim Travel Bans").  *See* 82 Fed. Reg. 8977 (Jan. 27, 2017) (first Muslim Travel Ban – "EO1"); 82 Fed. Reg. 13209 (Mar. 6, 2017) (second Muslim Travel Ban – "EO2"); Proclamation No. 9645, Dkt. #1-1 (third Muslim Travel Ban – the "Proclamation").  Each ban has focused on nations with predominantly Muslim populations and relied on vague assertions of national-security concerns in an attempt to insulate it from the President's record of religious animus and promises to ban Muslims.  *See* EO-1; EO-2; Proclamation; *see also, e.g.*, *Donald J. Trump Statement on Preventing Muslim Immigration*, Donald J. Trump for President, Inc. (Dec. 7, 2015) (calling for "total and complete shutdown on Muslims entering the United States");[1] *Transcript: Donald Trump's National Security Speech*, Politico (Jun. 13, 2016, 3:06 PM) ("We cannot continue to allow thousands upon thousands of [Muslim] people to pour into our country, many of whom have the same thought process as th[e] savage [San Bernardino] killer").[2]

Courts that have considered the legality of these Muslim Travel Bans have held them to be presumptively unlawful, and each ban has been enjoined pending resolution on the merits of

---

[1] https://web.archive.org/web/20170508151734/www.donaldjtrump.com/press-releases/donald-j.-trump-statement-on-preventing-muslim-immigration

[2] http://www.politico.com/story/2016/06/transcript-donald-trump-national-security-speech-224273

the legal challenges to it. *See, e.g.*, *Int'l Refugee Assistance Proj. v. Trump ("IRAP IV")*, — F. Supp. 3d —, 2017 WL 4674314 (D. Md. Oct. 17, 2017) (Proclamation), *appeal docketed* No. 17-2231 (4th Cir. Oct. 20, 2017); *Int'l Refugee Assistance Proj. v. Trump ("IRAP II")*, 857 F.3d 554 (4th Cir. 2017) (en banc) (EO-2), *vacated as moot sub nom. Trump v. Int'l Refugee Assistance Proj. ("IRAP III")*, — S. Ct. —, 2017 WL 4518553 (Oct. 10, 2017); *Washington v. Trump*, 2017 WL 462040 (W.D. Wash. Feb. 3, 2017) (EO-1). In so deciding, courts have relied on the obvious disconnect between the reasons proffered for the bans and the true motivations appearing to underlie them. *See, e.g.*, *IRAP II*, 857 F.3d at 603 ("[T]he Government's asserted national security interest . . . appears to be a post hoc, secondary justification for an executive action rooted in religious animus and intended to bar Muslims from this country.").

The administration's latest iteration of the Muslim Travel Bans comes from the same playbook. It purports to rely on, among other things, the results of a "worldwide review" of information-sharing practices, policies, and capabilities of foreign countries, which was ordered by the President's Second Muslim Travel Ban. *See* Proclamation, at Preamble & §§ 1(c), (d). The government takes the position that this "worldwide review" sufficiently distinguishes the current Muslim Travel Ban from prior iterations held to be likely unlawful. *See IRAP IV*, 2017 WL 4674314, at *32.

This lawsuit seeks two reports specifically identified in the Proclamation related to this "worldwide review" — reports dated July 9, 2017, and September 15, 2017, from the Secretary of Homeland Security to President Trump — and any other reports detailing the conclusions of such "worldwide review" for the eight countries covered by the Proclamation and the sixteen countries that the Secretary of Homeland Security identified as being "inadequate," to the extent not included in the July or September reports. *See* Compl., Dkt. #1, at 1-2. Plaintiff had

originally requested these reports as part of a broader set of records related to the administration's Muslim Travel Bans, via a FOIA request letter submitted to Defendant United States Department of State on July 20, 2017.  *See* FOIA Request, Dkt. #1-2, at 12 (request "w").

Plaintiff's letter also requested expedited processing pursuant to the FOIA and State Department regulations, *see id.* at 12-14, both of which provide that expedition is warranted upon a showing of compelling need, 5 U.S.C. § 552(a)(6)(E); 22 C.F.R. § 171.11(f).  In support of its request for expedited processing, Plaintiff cited the compelling need to inform the public about the administration's potentially discriminatory and arbitrary policies, the impairment of due-process rights and harm to humanitarian interests that would result from continued withholding of the records, and the fast-tracking of related aspects of the administration's policies.  *See* Dkt. #1-2, at 12-14.

Just four days later, Defendant *granted* Plaintiff's request for expedited processing, stating that, "[a]fter consideration," the request was "warrant[ed]," Def.'s July 24 Resp., Dkt. #1-3, and a few weeks later, Defendant promised to complete its document production by October 31, 2017, *see* Email from L. Qadir to Def. (Aug. 24, 2017), Dkt. #1-4.

Defendant, however, has not informed Plaintiff whether it will substantively grant or deny Plaintiff's FOIA request and has not produced or identified any records, or portions thereof, that it intends to withhold.  *See* Decl. of Jaclyn E. Martínez Resly ("Decl.") ¶ 2.  In fact, Defendant apparently has not even reached a point in its review — if review has begun at all — to enable it to provide an expected timeframe for completion of its determination regarding the limited subset of records at issue in this litigation.  *See id.* ¶¶ 11 & Ex. F (stating that Defendant is "working to coordinate this [review] process" and declining to propose schedule for production and indexing).

3

Because four months have passed since Plaintiff's FOIA request, because nearly a month has passed since the deadline that Defendant originally set for itself to complete production of records responsive to Plaintiff's FOIA request, because Defendant has failed to propose a workable schedule for production and indexing of the narrow subset of documents at issue in this litigation, and because there is good cause to expedite Defendant's production and index, Plaintiff respectfully seeks relief from the Court to "assure that [Plaintiff's] right to information [under the FOIA] is not submerged [by] government obfuscation" or delay. *Ferguson v. FBI*, 722 F. Supp. 1137, 1145 (S.D.N.Y. 1989).

## ARGUMENT

The Civil Priorities Act, 28 U.S.C. § 1657, provides that "court[s] shall expedite the consideration of . . . any [] action if good cause [] is shown." 28 U.S.C. § 1657(a). It further provides that "'[g]ood cause' is shown if a right under the Constitution of the United States or a Federal Statute (*including rights under section 552 of title 5[, FOIA]*) would be maintained in a factual context that indicates that a request for expedited consideration has merit." *Id.* (emphasis added).

There is good cause for expedition here.

**I.      FOIA Actions Are Especially Appropriate for Expedition.**

As this Court has recognized, "[s]peed is an essential element in [the Court's] process of de novo review under FOIA." *Ferguson*, 722 F. Supp. at 1144. Expedition is warranted because the FOIA "was intended to provide a means of accountability, to allow Americans to know what their government is doing[; accordingly,] . . . delay in complying with FOIA requests may be 'tantamount to denial.'" *Am. Civil Liberties Union v. Dep't of Defense*, 339 F. Supp. 2d 501, 504 (S.D.N.Y. 2004) (quoting H. Rep. No. 876, 93d Cong., 2d Sess. (1974)). In view of these principles, Congress made the FOIA the "first among equals" in terms of discretionary

4

expedition by courts — in other words, "worthy of special consideration." *Freedom Commc'ns Inc. v. FDIC*, 157 F.R.D. 485, 486 (C.D. Cal. 1994).

In line with Congress's intention, courts have held that they have a "'duty' to prevent 'unreasonable delays in disclosing non-exempt documents." *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38 (D.D.C. 2006) (quoting *Payne Enters. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988)). Courts protect against such delays in FOIA suits by imposing deadlines on the government to produce responsive documents and indices setting forth justifications for withheld records and redactions, known as *Vaughn* indices.[3]  *See, e.g.*, *Fox News Network, LLC v. U.S. Dep't of the Treasury*, 739 F. Supp. 2d 515, 531 (S.D.N.Y. 2010) (30-day production deadline and 45-day indexing deadline); *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 43 (20-day production deadline and 30-day indexing deadline); *Am. Civil Liberties Union*, 339 F. Supp. 2d at 504 (30-day deadline for production and index); *Nat. Res. Def. Council v. Dep't of Energy*, 191 F. Supp. 2d 41, 43-44 (D.D.C. 2002) (32-day and 48-day production deadlines and 63-day indexing deadline); *Providence Journal Co.*, 769 F. Supp. at 69 (30-day indexing deadline); *Ferguson*, 722 F. Supp. at 1144, 1145 (85-day production deadline and 32-day indexing deadline); *Knight Publishing Co. v. U.S. Dep't of Justice*, 608 F. Supp. 747, 751 (W.D.N.C. 1984) (5-day deadline for determination of request & 19-day indexing deadline); *Ettlinger v. FBI*, 596 F. Supp. 867, 879 (D. Mass. 1984) (56-day deadline for production and

---

[3] "A *Vaughn* index is a detailed index itemizing each item withheld by the government, the exemptions the government is claiming for those items, and the reasons why the exemptions apply to those items. The *Vaughn* index serves three purposes: 1) it forces the government to carefully scrutinize the material it wishes to withhold; 2) it enables the trial court to have a basis upon which to rule on the applicability of the FOIA exemption claimed and 3) it enables the adversary system to operate by giving the requestor as much information as possible, on the basis of which he can present his case to the trial court." *Providence Journal Co. v. U.S. Dep't of the Army*, 769 F. Supp. 67, 68 (D.R.I. 1991) (internal quotation marks and citations omitted).

index). As this Court has noted, "[c]reation of a *Vaughn* index is a standard procedure" that "is an integral component of trial court review of FOIA challenges to non-disclosure of information." *Ferguson*, 722 F. Supp. at 1139, 1144; *see also Ferguson v. FBI*, 729 F. Supp. 1009 (S.D.N.Y. 1990) (discussing need for *Vaughn* index).

Expedition, the House of Representatives explained in its report on the Civil Priorities Act, is consistent with both the nature of FOIA litigation and the overarching purpose of the Act. Because "most FOIA cases do not involve extended discovery or testimony[,]" FOIA cases need "not burden court dockets for extensive periods of time." H.R. Rep. No. 985, 98th Cong., 2d Sess., at 6 (1984). More fundamentally, FOIA "is a major tool through which the public and the press obtain information about their government," and "extended delays in court can encourage unjustified refusals to disclose information . . . [and] hamper reporting of governmental activities." *Id.* at 5-6. Accordingly, "the 'good cause' provision [of the Civil Priorities Act should] be liberally construed by the courts in granting requests for expedited consideration under the [FOIA]." *Id.* at 6.

## II. Expedition is Warranted Here.

Here, that there is "a factual context that indicates that a request for expedited consideration has merit," 28 U.S.C. § 1657(a), is confirmed by Defendant's admission that Plaintiff's "request does warrant expedited processing." Dkt. #1-3. Indeed, the propriety of an order that furthers the parties' agreement on the need for expedition cannot be seriously contested. *See Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 34, 43 (ordering expedition where agency earlier "conceded that expedited processing is appropriate"); *see also Ferguson*, 722 F. Supp. at 1144 ("[D]istrict courts have balanced the same equities pertinent to the timing of a response to a FOIA document request in their determinations of the appropriate timing of a response to a *Vaughn* index request").

6

Nor could there be reasonable disagreement on the propriety of expedition given the intense public interest in the subject matter of this litigation. One can hardly forget the "widespread chaos at U.S. airports" across the country, where "[p]rotests erupted" and "lawyers mobilize[d]" following the initial Muslim Travel Ban. Hannan Adely & Keldy Ortiz, *Protests Erupt at U.S. Airports Over Ban on Refugees*, USA Today (Jan. 28, 2017, updated Jan. 29, 2017);[4] Jonah Engel Bromwich, *Lawyers Mobilize at Nation's Airports After Trump's Order*, N.Y. Times (Jan. 29, 2017);[5] Lucy Westcott, *Thousands of Lawyers Descend on U.S. Airports to Fight Trump's Immigrant Ban*, Newsweek (Jan. 29, 2017).[6] Press coverage and national outcry have occurred following each of the administration's successive Muslim Travel Bans. *See, e.g.*, Naureen Shah, *Trump's Muslim Ban 2.0 is Just as Inhumane — and Even More Frightening*, Time (Mar. 6, 2017);[7] Ian Duncan, *New Trump Travel Restrictions Face Same Opposition*, The Balt. Sun (Sept. 25, 2017, 5:40 PM).[8]

The debate over the legality of the administration's Muslim Travel Bans has spawned litigation in courts across the country, *see supra* at 2 (collecting cases), and reached the Supreme Court in five months, only to be mooted following the issuance of the Proclamation, *see IRAP III*, 2017 WL 4518553, which the government claims is distinguished from the prior Muslim Travel Ban by the same reports that are the subject of this suit, *see IRAP IV*, 2017 WL 4674314, at *32.

---

[4] https://www.usatoday.com/story/news/nation-now/2017/01/28/protests-erupt-us-airports-over-ban-refugees/97201416/

[5] https://www.nytimes.com/2017/01/29/us/lawyers-trump-muslim-ban-immigration.html

[6] http://www.newsweek.com/lawyers-volunteer-us-airports-trump-ban-549830

[7] http://time.com/4692814/trump-travel-ban-muslims/

[8] http://www.baltimoresun.com/news/maryland/politics/bs-md-trum-travel-ban-reaction-20170925-story.html

Plaintiff and the public at large are entitled to test the government's reliance on the requested reports by timely obtaining them, or the portions to which they are legally entitled, under the FOIA. *See* 5 U.S.C. § 552(a)(3) ("[E]ach agency, upon any request for records . . . shall make the records promptly available to any person."). "[M]eaningful debate" about "the legality of the Administration's [Muslim Travel Bans] . . . can only occur if [Defendant] processes its FOIA requests in a timely fashion and releases the information sought." *Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 41; *see also id.* ("[A] meaningful and truly democratic debate on the legality and propriety of [the contested policy] cannot be based solely upon information that the Administration voluntarily chooses to disseminate." (internal quotation marks and citation omitted)).

Notably, the records Plaintiff seeks in this lawsuit are only a subset of documents related to the Muslim Travel Ban — documents that should be readily identifiable and that should not even require an electronic search.

Finally, expedition is warranted because "the public interest in enforcement of the statute is particularly strong." H. Rep. 98-985, at 6. Not only is a FOIA suit the "paradigmatic example[] of 'good cause'" for expedition, *Ontario Forest Indus. Assoc v. United States*, 30 C.I.T. 1117, 1127 (Ct. Int'l Trade 2006), but Plaintiff's request is a paradigmatic example of what the FOIA was designed to promote: "The purpose of FOIA is to find out what our 'government is up to[,]' . . . [and t]hat is precisely the purpose of the Plaintiff's FOIA request." *Nat. Res. Def. Council*, 191 F. Supp. 2d at 43 (quoting *U.S. Dep't of Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989)); *see also Elec. Privacy Info. Ctr.*, 416 F. Supp. 2d at 40 ("[P]ublic awareness of the government's actions is 'a structural necessity in a real democracy' . . . so too is *timely* public awareness[,] . . . as 'stale information is of little

value.'" (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004) & *Payne Enters.*, 837 F.2d at 494)).

Accordingly, "Plaintiff's request is entitled to rapid consideration by the Court and the [government]." *Freedom Commc'ns Inc.*, 157 F.R.D. at 487.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion to expedite, order Defendant to produce to Plaintiff responsive records, and reasonably segregable portions of responsive records, within 21 days of the Court's ruling, and order Defendant to produce to Plaintiff written justifications for any portions of responsive records withheld by Defendant within 28 days of the Court's ruling.

| | |
|---|---|
| Dated: New York, New York<br>November 30, 2017 | Respectfully submitted,<br><br>  s/ Neil K. Roman<br>    Neil K. Roman |
| Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1000<br>nroman@cov.com | Johnathan Smith<br>Sirine Shebaya[ii]<br>MUSLIM ADVOCATES<br>P.O. Box 66408<br>Washington, DC 20035<br>(202) 897-1897<br>johnathan@muslimadvocates.org<br>sirine@muslimadvocates.org |
| Mark H. Lynch[i]<br>Jaclyn E. Martínez Resly[i]<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth St. NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>mlynch@cov.com<br>jmartinezresly@cov.com | Richard B. Katskee[i]<br>Eric Rothschild[i]<br>Andrew L. Nellis[i*]<br>AMERICANS UNITED FOR SEPARATION<br>OF CHURCH AND STATE<br>1310 L St. NW, Suite 200<br>Washington, DC 20005<br>(202) 466-3234<br>katskee@au.org<br>rothschild@au.org<br>nellis@au.org |

[i] *Admitted pro hac vice*
[ii] *Admission pending*
[*] *Admitted in New York. Supervised by Richard B. Katskee, a member of the D.C. Bar.*

*Attorneys for Plaintiff Brennan Center for Justice at New York University School of Law*