**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

BRENNAN CENTER FOR JUSTICE AT NEW :
YORK UNIVERSITY SCHOOL OF LAW, :
                                                             :
             Plaintiff, :
                                                             :
        v.                                                     :    17 Civ. 7520 (PGG)
                                                            :
UNITED STATES DEPARTMENT OF :
STATE, :
                                                           :
            Defendant. :

------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO EXPEDITE

                                                  JOON H. KIM
                                                  Acting United States Attorney for the
                                                  Southern District of New York
                                                  86 Chambers Street
                                                  New York, New York 10007
                                                  Telephone:  (212) 637-2761
                                                  Facsimile:   (212) 637-2786

CHRISTOPHER CONNOLLY
Assistant United States Attorney
   – Of Counsel –

## PRELIMINARY STATEMENT

Defendant the United States Department of State, by its attorney, Joon H. Kim, Acting United States Attorney for the Southern District of New York, respectfully submits this memorandum of law in opposition to the Motion to Expedite filed by plaintiff the Brennan Center for Justice.

Plaintiff's demand that the government be ordered to process the classified records at issue in this Freedom of Information Act ("FOIA") litigation within 21 days is not practical, and is therefore not required under FOIA. The State Department granted plaintiff's request for expedited processing, has already completed its search for potentially responsive records, and has referred those records to their originating agency, thus obviating any need for the Court to order it to take further action. Further, the nature of the records themselves—presidential communications containing classified information and multiple agency equities—precludes the production of non-responsive material on plaintiff's compressed timeframe. Finally, nothing in FOIA entitles plaintiff to a *Vaughn* index outside the context of summary judgment briefing. Accordingly, plaintiff's motion should be denied, and the Court should set a reasonable schedule for processing, production, and summary judgment briefing.

## BACKGROUND

On or about July 20, 2017, plaintiff submitted a 23-part FOIA request to the State Department, seeking a wide variety of records purportedly relating to "the Administration's visa-application vetting policies and procedures." *See* Declaration of Eric F. Stein, dated Dec. 14, 2017 ("Stein Decl.") ¶ 4; Compl. (ECF No. 1), Ex. B. In an acknowledgment letter dated July 24, 2017, the State Department granted plaintiff's request for expedited processing. *See* Stein Decl. ¶ 5; Compl., Ex. C. On August 18, 2017, plaintiff called the State Department's FOIA Status Hotline,

and was given an estimated completion date of October 31, 2017, for their FOIA request.  Stein Decl. ¶ 6.

On October 2, 2017, plaintiff commenced the instant action, seeking one subpart of its FOIA request.  *See id.* ¶ 7.  Specifically, plaintiff's complaint seeks the disclosure of reports submitted by the Secretary of the Department of Homeland Security ("DHS") to the President, which are referenced in the President's September 24, 2017 Proclamation entitled "Enhanced Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats."  *See id.* ¶ 8.

Plaintiff submitted the instant motion on November 30, 2017, alleging that the State Department "has failed timely to produce documents" responsive to their FOIA request, and seeking an order compelling "production within 21 days . . . and an explanation as to why any material was withheld [*i.e.*, a *Vaughn* index] a week after that."  Pl. Br. 1.

The State Department conducted an initial search for records responsive to the relevant subpart of plaintiff's request, and identified six such records.  *See id.* ¶ 9.  Because those records originated with DHS, they were referred to that agency for a direct response to plaintiff.  *See id.*  The State Department informed plaintiff of the referral in a letter dated December 5, 2017.  *See id.* & Ex. 1.

## ARGUMENT

### PLAINTIFF'S MOTION TO EXPEDITE SHOULD BE DENIED

**A.    Plaintiff's Proposed Schedule is Not Practicable**

The Court should decline to adopt plaintiff's proposed 21-day processing and production schedule.  Expedited requests are only required to be processed "as soon as practicable."  5 U.S.C. § 552(a)(6)(E)(iii); *accord* 22 C.F.R. § 171.11(f) (State Department regulations governing

expedited requests); *see also EPIC v. DOJ*, 416 F. Supp. 2d 30, 39 (D.D.C. 2006) (an agency can establish that a proposed time frame for expedited processing is not feasible "if the agency presents credible evidence that disclosure within such time period is truly not practicable"). Plaintiff's proposed schedule is neither practicable nor reasonable for several reasons.

At the threshold, plaintiff's characterization of the State Department's handling of their request as "[un]timely," *see* Pl. Br. 1, lacks merit, because the State Department has already conducted a search for records implicated by plaintiff's complaint and referred the records it identified to DHS for a direct response. Because processing and (to the extent appropriate) production of the records will fall to DHS, the Court cannot order the State Department to take any further action.

Nor, for that matter, was the State Department less than expeditious in its processing prior to the referral to DHS. The State Department granted expedition for the entirety of plaintiff's FOIA request—a request that is particularly broad and complex, *see* Stein Decl. ¶¶ 11-12, and which plaintiff has not withdrawn despite seeking only a subset of records in this litigation, *see* Compl. 6 n.1. Courts have routinely recognized agencies' need for "more time to respond to a particularly burdensome request." *CREW v. FEC*, 711 F.3d 180, 189 (D.C. Cir. 2013). Accordingly, plaintiff's mischaracterization of the October 31, 2017, estimated completion date as a "promise," Pl. Br. 3, is irrelevant. Finally, the State Department's substantial FOIA caseload underscores that its treatment of plaintiff's request has, in fact, been expeditious. *See* Stein Decl. ¶¶ 13-14 (State Department received 22,664 FOIA requests in FY 2016 and currently has a backlog of approximately 11,200 requests); *EPIC v. DOJ*, 15 F. Supp. 3d 32, 42 (D.D.C. 2014) (requested expedition not practical in light of, among other things, other requests the agency was processing).

The nature of the records themselves also demonstrates that disclosure on plaintiff's proposed schedule is impractical.  First, as is clear from plaintiff's own descriptions of the records, these are communications directly to the President, meaning that the White House must be consulted in determining the nature and scope of applicable exemptions.  *See* Stein Decl., ¶ 9.  Second, because parts of these records contain national security information, processing the records will involve classification reviews.  *See id.*  Finally, in addition to DHS and the State Department, several other agencies possess equities in material contained within the records, meaning that processing the records and applying exemptions will require inter-agency coordination.  *See id.*  All of these factors make a 21-day production schedule impractical, and thus not required under FOIA.

B.     **Plaintiff Is Not Entitled to a Freestanding *Vaughn* Index**

In addition to requesting an impossible production schedule, plaintiff's request for a *Vaughn* index just one week after the government's production of records is premature.  Nothing in FOIA requires the government to produce a *Vaughn* index at or around the same time that any non-exempt portions of responsive documents are released.  If the government deems any records to be exempt in full or in part, it need only comply with FOIA's mandate that "[t]he amount of information deleted, and the exemption under which the deletion is made, shall be indicated on the released portion of the record" at the time of production.  5 U.S.C. § 552(b), 40 C.F.R. § 2.104(h).  To the extent plaintiff then challenges any of the government's withholdings, the government would move for summary judgment and justify those withholdings in an appropriate format that may or may not take the form of a traditional *Vaughn* index.  *See, e.g., New York Times Co. v. U.S. Dep't of Justice*, 758 F.3d 436, 438-39 (2d Cir. 2014) (although classic *Vaughn* indexes are frequently used to justify FOIA exemptions, "[i]n some cases detailed affidavits from agency

officials may suffice to indicate that requested documents are exempt from disclosure" (citing cases)). Unless and until this litigation reaches that stage, however, plaintiff's request for a *Vaughn* index prior to summary judgment should be dismissed as premature. *See, e.g., Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993) ("The plaintiff's early attempt in litigation of this kind to obtain a Vaughn index and to take discovery depositions is inappropriate until the government has first had a chance to provide the court with the information necessary to make a decision on the applicable exemptions."); *Bassiouni v. CIA*, 248 F. Supp. 2d 795, 795-97 (N.D. Ill. 2003) (dismissing plaintiff's "motion to compel production of a *Vaughn* index" which was filed after defendant filed its answer, where "present case is only in the initial stages of litigation"); *Stimac v. U.S. Dep't of Justice*, 620 F. Supp. 212, 213 (D.D.C. 1985) (denying as "untimely" plaintiff's motion for DOJ component to prepare *Vaughn* index because such an index "would be premature before the filing of dispositive motions").

## CONCLUSION

Plaintiff's motion to expedite should be denied.

Dated: New York, New York
December 14, 2017

> JOON H. KIM
> Acting United States Attorney for the
> Southern District of New York
> *Attorney for Defendant*
>
> By:  /s/ *Christopher Connolly*
> CHRISTOPHER CONNOLLY
> Assistant United States Attorney
> 86 Chambers Street
> New York, New York 10007
> Tel.: (212) 637-2761
> Fax: (212) 637-2786
> E-mail: christopher.connolly@usdoj.gov