IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENNAN CENTER FOR JUSTICE AT NEW YORK UNIVERSITY SCHOOL OF LAW, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF STATE, <br><br> Defendant. | Case No. 17 Civ. 7520 (PGG) |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL
COMPLIANCE WITH THE COURT'S JANUARY 10, 2018 ORDER**

Neil K. Roman
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018-1405
(212) 841-1000
nroman@cov.com

Mark H. Lynch[i]
Jaclyn E. Martínez Resly[i]
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. NW
Washington, DC 20001-4956
(202) 662-6000
mlynch@cov.com
jmartinezresly@cov.com

[i] Admitted *pro hac vice*
[*] Admitted in New York. Supervised by Richard B. Katskee, a member of the D.C. Bar.

Johnathan Smith
Sirine Shebaya
MUSLIM ADVOCATES
P.O. Box 66408
Washington, DC 20035
(202) 897-1897
johnathan@muslimadvocates.org
sirine@muslimadvocates.org

Richard B. Katskee[i]
Eric Rothschild[i]
Andrew L. Nellis[i*]
AMERICANS UNITED FOR SEPARATION
OF CHURCH AND STATE
1310 L St. NW, Suite 200
Washington, DC 20005
(202) 466-3234
katskee@au.org
rothschild@au.org
nellis@au.org

*Attorneys for Plaintiff Brennan Center for Justice at New York University School of Law*

Despite this Court's January 10, 2018 Order directing Defendant United States Department of State to produce a declaration consistent with Freedom of Information Act ("FOIA") case law for any portions of responsive documents withheld in this FOIA action, *see* Dkt. No. 30, Defendant did not do so.  Instead, it produced an index with bare descriptions, with no indication of the "Part[s]" of the withheld documents to which the claimed exemptions apply, and devoid of explanation for the applicability of the claimed exemptions.  Dkt. No. 31-1.  Plaintiff respectfully requests that this Court issue an order directing Defendant, within 10 days, to re-issue its *Vaughn* index or declaration[1] in a manner that complies with the Court's January 10 Order.

## BACKGROUND

This action concerns a FOIA request made in July 2017 to Defendant by Plaintiff that sought, among other things, reports related to President Trump's September 24, 2017 Proclamation entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public-Safety Threats" (colloquially referred to as the Muslim Travel Ban 3.0).  Defendant identified six documents responsive to Plaintiff's FOIA request — namely, the July 9, 2017, and September 15, 2017 reports referenced in President Trump's Proclamation and their associated attachments.  *See* Dkt. No. 26 ¶ 9.  But by November 30, 2017 — more than four months after Plaintiff's FOIA request, Defendant had not informed Plaintiff which portions of the responsive documents it would withhold, if any, and on what basis, and had not produced any non-exempt portions of the documents.  *See* Dkt. No. 24

---

[1] As FOIA case law makes no distinction between an index and a declaration, this memorandum too utilizes both terms interchangeably.  *See, e.g.*, *Halpern v. FBI*, 181 F.3d 279, 291 (2d Cir. 1999) (stating "'it is the function, not the form, of the index that is important'" and using "index" and "affidavit" interchangeably (quoting *Keys v. DOJ*, 830 F.2d 337, 349 (D.C. Cir. 1987))).

¶ 2.[2]  Plaintiff was thus forced to seek relief from the Court to expedite the action pursuant to the Civil Priorities Act, 28 U.S.C. § 1657(a).  *See* Dkt. No. 22.  The Court granted the motion on January 10, 2018.  Dkt. No. 30.

The Court's January 10 Order expedited the action by requiring Defendant, by February 9, 2018, to produce to Plaintiff the non-exempt portions of the responsive documents and, at the same time, to produce to Plaintiff an index of the portions withheld or redacted pursuant to claimed FOIA exemptions.  *See id.*  The Court explained that such indices are "necessary" because "only the agency knows the exact nature of the documents being withheld, and the party seeking to obtain documents usually can only speculate on their contents."  *Id.* at 11 (citing *Brown v. FBI*, 658 F.2d 71, 73-74 (2d Cir. 1981)) (alterations omitted).  "[T]o restore the adversarial balance needed to allow the [C]ourt to reach a just and fair result," the Court explained, the proper "procedure" is to "require[] agencies to itemize and index the documents requested, segregate their disclosable and non-disclosable portions, and correlate each non-disclosable portion with the FOIA provision which exempts it from disclosure."  *Id.* at 10-11 (citing *Brown*, 658 F.2d at 74 and *Ferguson v. FBI*, 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989)).[3]  Consistent with these principles, the Court ordered Defendant to produce an index in a manner that complied with *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), the seminal case regarding FOIA indices.  *See* Dkt. No. 30, at 16-17.

---

[2] At that point, Defendant had not yet even informed Plaintiff that it had conducted a search or how many documents it had identified as responsive.  *See* Dkt. No. 26-1 (dated Dec. 5, 2017).

[3] The Court also explained that it was necessary for Defendant to produce the *Vaughn* index prior to summary-judgment briefing because otherwise "it would be unfair to allow Defendant months to prepare its case and then force Plaintiff to formulate its entire case within the short time it would have to respond to that motion."  Dkt. No. 30, at 16 (citing *Providence Journal Co. v. U.S. Dep't of Army*, 769 F. Supp. 67, 69 (D.R.I. 1991)) (alterations omitted).

On February 9, 2018, Defendant produced an index purporting to apply to all six responsive documents. *See* Dkt. No. 31-1. The index comprises five entries[4] with the following information provided for each entry: "State Department Identifier," "Document Description," "Date," "Pages," and a list of the FOIA exemptions that purportedly apply "in Full" and "in Part." *See id.* The information in the "Document Description" column only references whether the document is a report, memorandum, or attachment and provides a short topic description. *See id.* And the list of exemptions applicable to "Part[s]" of the documents is not correlated to those parts. *See id.* Finally, no explanation is given as to why those exemptions purportedly apply. *See id.*

## ARGUMENT

This Court has inherent authority to enforce its orders. *See, e.g.*, *Degen v. United States*, 517 U.S. 820, 827 (1996); *Roach v. T.L. Cannon Corp.*, No. 3:10-CV-0591 TJM/DEP, 2012 WL 2178924, at *3 (N.D.N.Y. May 15, 2012), *adopted by* 2012 WL 2178919 (N.D.N.Y. June 13, 2012). The Court has already held that a *Vaughn* index is appropriate and that it is needed at this juncture — before summary judgment. *See* Dkt. No. 30, at 15-16. Thus, the only question at issue here is whether Defendant's index complies with *Vaughn v. Rosen*, as the Court previously ordered. *See id.* at 16. It plainly does not.

In *Vaughn*, the U.S. Court of Appeals for the D.C. Circuit fashioned what would hence be known as a *Vaughn* index to combat the practice of the government attempting to justify its withholdings by simply describing the purportedly relevant exemptions and then "aver[ring] that the factual nature of the information is such that it falls under one of the exemptions." 484 F.2d

---

[4] The first entry seemingly refers to two separate documents — C06476508 and C06476510. *See* Dkt. No. 31-1, at 1.

at 825-26. That practice, the Court explained, leaves the opposing party "comparatively helpless to controvert this characterization" and is at odds with the goal of the FOIA "to provide the maximum access consonant with the . . . liberal disclosure requirement." *Id.* at 823, 826 & n.11 (citations omitted). Accordingly, an index or declaration cannot be "conclusory and generalized" but "require[s] a relatively detailed analysis in manageable segments." *Id.* at 826. The index should also "correlate statements made in the Government's refusal justification with the actual portions of the document[s]." *Id.* at 827.

Consistent with *Vaughn v. Rosen*, the U.S. Court of Appeals for the Second Circuit has held that indices "are required to describe in reasonably specific terms the nature of the documents and the justification for nondisclosure." *Halpern v. FBI*, 181 F.3d 279, 285 (2d Cir. 1999). This means that indices that "give[] no contextual description either of the documents subject to redaction or of the specific redactions made to the various documents" are insufficient. *Id.* at 293. And "explanations [that] read more like a policy justification" for the exemption and "barely pretend[] to apply the terms of that [exemption] to the specific facts of the documents at hand" are also not "reasonably specific" and are thus deficient. *Id.* Instead, what is required under *Vaughn* and its progeny are "itemized descriptions of the context out of which specific redactions are made." *Id.* at 294.[5]

---

[5] The Second Circuit accordingly held sufficient explanations that described the type of information redacted from records pursuant to Exemptions 7(C) and (D), but held insufficient explanations of redactions under Exemption 1 that were more akin to policy justifications about the importance of protecting national security instead of "fact-specific justification[s]" for the specific redactions. *Compare Halpern*, 181 F.3d at 296-300 (holding sufficient 7(C) explanations for redactions of "the names, initials, identifying information, and personal information" of six categories of persons and 7(D) explanations for "the identities of and information provided by" two categories of entities or persons (and listing examples)), *with id.* at 293-94, 300-01 (appendix providing examples of policy justifications for national-security redactions under Exemption 1, divorced from factual context of at-issue records).

Here, Defendant has utterly failed to comply with *Vaughn* and its progeny. "[T]he hallmark test" of an adequate *Vaughn* index "is that the requester and the trial judge be able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure." *Ajluni v. FBI*, No. 94-CV-325, 1996 WL 776996, at *3 (N.D.N.Y. July 16, 1996) (quoting *Davin v. DOJ*, 60 F.3d 1043, 1050 (3d Cir. 1995)) (internal quotation marks omitted). This is not the case here. The overarching problem is that Defendant's index is conclusory; it simply lists the claimed exemptions without explaining the factual basis for their application or the specific portions of the documents to which the exemptions correspond. *See* Dkt. No. 31-1. Such a tactic is impermissible, as it ignores *Vaughn*'s instruction to provide a written justification for the withholding, "correlate" that justification "with the actual portions of the document[s]," and thus provide "a relatively detailed analysis in manageable segments." *Vaughn*, 484 F.2d at 826-27; *see also, e.g.*, *Church of Scientology Int'l v. DOJ*, 30 F.3d 224, 230-31 (1st Cir. 1994) (rejecting *Vaughn* index where "multiple exemption numbers are noted beside many entries, without any correlation between a particular exemption and the sections of the document to which it relates"). Neither does it comply with *Halpern*, as it provides no "contextual description . . . of the specific [withholdings]" to demonstrate that they "logically fall[] within the claimed exemption[s]." *Halpern*, 181 F.3d at 291, 293 (citation omitted).

Moreover, the topical descriptions of the documents are inadequate, as they are not distinct, *see* Dkt. No. 31-1 (C06476508 and C06476510 described together) and because they "fail[] to identify relevant information such as the . . . [specific] author [of the documents], and . . . the recipient(s)." *Defs. of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 88 (D.D.C. 2009). Such information is necessary for the Plaintiff and the Court to assess the viability of at

least the claimed presidential-communications privilege, *see, e.g.*, *ACLU v. DOJ*, 15 Civ. 1954 (CM), 2016 WL 889739, at *3-4 (S.D.N.Y. Mar. 4, 2016) (presidential-communications privilege waived by disclosure to third parties). As the Ninth Circuit has explained, "the [government] must bear in mind that the purpose of the index is not merely to inform the requester of the agency's conclusion that a particular document is exempt from disclosure under one or more of the statutory exemptions, but to afford the requester an opportunity to intelligently advocate release of the withheld documents and to afford the court an opportunity to intelligently judge the contest." *Wiener v. FBI*, 943 F.2d 972, 979 (9th Cir. 1991). Defendant's *Vaughn* index makes it impossible to do that here.

Last, Defendant is not excused from its *Vaughn* obligations because it claims that a single exemption applies to each responsive record. *See* Dkt. No. 31-1 (presidential-communications privilege (Exemption 5) allegedly bars each record in full). As noted above, the presidential-communications privilege, like all privileges, is waivable on a document-by-document basis, *see In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997), and Exemption 5, for which the privilege is invoked, must (like all exemptions) be construed narrowly, with doubts resolved in favor of disclosure, *see Halpern*, 181 F.3d at 287 (citing *FLRA v. U.S. Dep't of Veterans Affairs*, 958 F.2d 503, 508 (2d Cir. 1992)). Indeed, the *Vaughn* Court itself imposed its detailed indexing requirements even though the government contended that documents were wholly exempt pursuant to three exemptions. *See Vaughn*, 484 F.2d at 827.

Neither are the requirements of *Vaughn v. Rosen* obviated because Defendant may wish to seek *in camera* review of the documents. *See Wiener*, 943 F.2d at 979 ("*In camera* review of the withheld documents by the court is not an acceptable substitute for an adequate *Vaughn* index."). One of the purposes of a *Vaughn* index is to make *in camera* review a last resort. *See*

6

*Halpern*, 181 F.3d at 294 ("What a district court needs from the government, in a *Vaughn* affidavit, is information that is not only specific enough to obviate the need for an *in camera* review, but that also enables the court to review the agency's claimed redactions without having to pull the contextual information out of the redacted documents for itself."). And, consistent with the FOIA's "preference for the fullest possible agency disclosure" so that "Americans know what their government is doing," Dkt. 30, at 7-8 (citations omitted), "resort to *in camera* review is appropriate only after the government has submitted as detailed public affidavits and testimony as possible," *Wiener*, 943 F.2d at 979. It is clear that Defendant has not done that here.[6]

Accordingly, this Court should exercise its inherent power to enforce its previous directive that Defendant produce a *Vaughn* index compliant with FOIA case law.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiff's motion and direct Defendant to re-issue a compliant *Vaughn* index to Plaintiff within 10 days.

---

[6] Contrary to Defendant's suggestion, Plaintiff does not assert that, on summary judgment, Defendant is limited to defend itself solely based on the *Vaughn* index. *See* Dkt. No. 31, at note 1.

| | |
|---|---|
| Dated: New York, New York<br>March 8, 2018 | Respectfully submitted,<br><br>  s/ Neil K. Roman<br>    Neil K. Roman |
| Neil K. Roman<br>COVINGTON & BURLING LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018-1405<br>(212) 841-1000<br>nroman@cov.com | Johnathan Smith<br>Sirine Shebaya<br>MUSLIM ADVOCATES<br>P.O. Box 66408<br>Washington, DC 20035<br>(202) 897-1897<br>johnathan@muslimadvocates.org<br>sirine@muslimadvocates.org |
| Mark H. Lynch[i]<br>Jaclyn E. Martínez Resly[i]<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth St. NW<br>Washington, DC 20001-4956<br>(202) 662-6000<br>mlynch@cov.com<br>jmartinezresly@cov.com | Richard B. Katskee[i]<br>Eric Rothschild[i]<br>Andrew L. Nellis[i*]<br>AMERICANS UNITED FOR SEPARATION<br>OF CHURCH AND STATE<br>1310 L St. NW, Suite 200<br>Washington, DC 20005<br>(202) 466-3234<br>katskee@au.org<br>rothschild@au.org<br>nellis@au.org |

[i] *Admitted pro hac vice*
[*] *Admitted in New York. Supervised by Richard B. Katskee, a member of the D.C. Bar.*

*Attorneys for Plaintiff Brennan Center for Justice at New York University School of Law*

8