**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                                                            :
BRENNAN CENTER FOR JUSTICE AT NEW                           :
YORK UNIVERSITY SCHOOL OF LAW,                              :
                                                            :
                    Plaintiff,                              :
                                                            :
          v.                                                :        17 Civ. 7520 (PGG)
                                                            :
UNITED STATES DEPARTMENT OF                                 :
STATE,                                                      :
                                                            :
                    Defendant.                              :
------------------------------------------------------------x


## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL


GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York
86 Chambers Street
New York, New York 10007
Telephone:  (212) 637-2761
Facsimile:  (212) 637-2786


CHRISTOPHER CONNOLLY
Assistant United States Attorney
     – Of Counsel –

## PRELIMINARY STATEMENT

This is a straightforward Freedom of Information Act ("FOIA") matter involving only a handful of records that have been withheld in full pursuant to a single FOIA exemption, and in part pursuant to other exemptions.  In accordance with the Court's January 10, 2018, order (ECF No. 30), the government completed its processing of the records by February 9, 2018.  Also in accordance with the Court's order, it provided plaintiff with a *Vaughn* index that describes the records, identifies the basis for withholding them in full, and also identifies exemptions that apply to the records in part.  (ECF No. 31-1).  Now that the government has identified responsive records and asserted its exemptions, this case, like all FOIA cases, must be resolved on summary judgment.

Plaintiff's motion to compel the production of a revised *Vaughn* index prior to summary judgment briefing is at odds with the case law governing FOIA litigation and serves no practical purpose other than to delay the resolution of this case on the merits.  A *Vaughn* index is not subject to one-size-fits-all rules.  Rather, as the Second Circuit has repeatedly recognized, it is a flexible tool designed to assist the Court in determining whether the government has met its burden *on summary judgment*.  Plaintiff concedes that the government may satisfy its burden not only through a *Vaughn* index, but also through the submission of agency declarations.  The government has repeatedly expressed its intention to submit agency declarations here.  The Court should not, and indeed cannot, evaluate the sufficiency of the government's *Vaughn* index in a vacuum, but rather should permit the government to move for summary judgment on the basis of a supporting index and declarations, just like in any other FOIA case.  That is particularly true where, as here, the government's *Vaughn* index complied with the Court's order, and plaintiff's complaints about the index are baseless.

Plaintiff previously asserted the alleged urgency of obtaining the records as issue.  (ECF Nos. 22-24).  But now, more than a month after the government completed its processing of the records, plaintiff continues to delay resolution of the matter by insisting that the government must meet its summary judgment burden *before* it is allowed to move for summary judgment.  That proposition is unsupported by either case law or common sense.  The Court should deny plaintiff's motion and set a schedule for summary judgment briefing.

## <u>ARGUMENT</u>

### **PLAINTIFF'S MOTION TO COMPEL SHOULD BE DENIED**

Plaintiff's motion to compel is meritless.  FOIA cases are resolved on summary judgment. *See, e.g., American Civil Liberties Union v. U.S. Dep't of Homeland Security*, 973 F. Supp. 2d 306, 313 (S.D.N.Y. 2013); *Adamowicz v. I.R.S.*, 552 F. Supp. 2d 355, 360 (S.D.N.Y. 2008).  On summary judgment, "the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to [FOIA]."  *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994).  Here, the government has completed its search and has asserted exemptions over the five responsive records it identified.  It now merely seeks the opportunity to carry its burden on summary judgment, as in any other FOIA case.

In *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973), the D.C. Circuit sketched a framework within which the government might satisfy its burden at summary judgment through the creation of a so-called *Vaughn* index.  But the *Vaughn* index is merely a tool by which the Court can assess whether the government has met its burden of demonstrating the applicability of a claimed exemption to particular information or documents.

At the heart of plaintiff's motion is the premise that a *Vaughn* index must take a particular form, and that there is a rigid, across-the-board standard with which the government's *Vaughn*

index must "comply."  Pl.'s Br. 5.  Yet this notion has been explicitly rejected by the Second

Circuit.  *New York Times Co. v. U.S. Dep't of Justice*, 758 F.3d 436, 439 (2d Cir. 2014) (quoting

*Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088

(D.C. Cir. 2014)); *see also ACLU v. CIA*, 710 F.3d 422, 433 (D.C. Cir. 2013) (noting that a

"*Vaughn* index indicates in some descriptive way which documents the agency is withholding and

which FOIA exemptions it believes apply" but there is "no fixed rule establishing what a *Vaughn*

index must look like").  The sufficiency of a *Vaughn* index is context-specific, which in turn

depends on the nature, type, and number of records at issue in a given case.  *See, e.g., New York

Times Co.*, 758 F.3d at 438-39 ("classical" *Vaughn* indexes are particularly useful in cases

involving a large number of documents, because they help the court avoid the need for *in camera*

review, and aid plaintiffs in determining which claimed exemptions they wish to challenge).

More fundamentally, the sufficiency of the government's *Vaughn* index cannot be

evaluated in isolation.  The Second Circuit has repeatedly held that the government may support

its claimed exemptions in a variety of ways, including through "detailed affidavits from agency

officials [that] suffice to indicate that the requested documents are exempt from disclosure."  *New

York Times Co.*, 758 F.3d at 438-39; *see also Carney*, 19 F.3d at 812 ("Affidavits or declarations

supplying facts indicating that the agency has conducted a thorough search and giving reasonably

detailed explanations why any withheld documents fall within an exemption are sufficient to

sustain the agency's burden.").  Not even the D.C. Circuit views *Vaughn* as imposing strict rules

on the nature of the material on which the government may rely.  *See, e.g., Delaney, Migdail &

Young, Chartered v. I.R.S.*, 826 F.2d 124, 128 (D.C. Cir. 1987) ("The materials provided by the

agency may take any form so long as they give the reviewing court a reasonable basis to evaluate

the claim of privilege.").  Plaintiff also acknowledges the flexibility afforded the government in

supporting its assertion of exemptions.  *See* Pl.'s Br. 7 n.6 ("Plaintiff does not assert that, on summary judgment, Defendant is limited to defend itself solely based on the *Vaughn* index."). Without looking at the *Vaughn* index in conjunction with the declarations through which the government intends to support its claims of exemption in this case, the Court cannot assess whether the *Vaughn* index is sufficient.

Given this flexibility, and the nature of the records at issue here, the government's *Vaughn* index clearly complies with the Court's order.  This case only involves five records—two primary documents and three attachments.  All five records are being withheld in full pursuant to Exemption 5, because they are protected by the presidential communications privilege—as the *Vaughn* index indicates, they were prepared by the Department of Homeland Security ("DHS") for the President.  The index also identifies the exemptions that apply to parts of the records— including, in the case of Exemption 1, the portions of Executive Order 13526 to which the information in the record is classified, and, in the case of Exemption 3, the statute pursuant to which the information in the record is withheld.

The Court ordered the government to produce a *Vaughn* index to plaintiff prior to summary judgment briefing to allow the plaintiff access to information regarding the exemptions claimed and the basis for them, so that the plaintiff could begin advance preparations of its summary judgment papers.  The *Vaughn* index provided by the government clearly gives plaintiff a picture of the scope of the responsive records identified, the nature of those records, and the nature of and basis for the exemptions applied, sufficient to allow them to research the relevant issues that will be addressed in summary judgment briefing.  This is particularly true because the heart of any summary judgment briefing will be the presidential communication privilege, as this is the only

exemption claimed to protect each document in full, and the basis for the government's invocation of that privilege is made clear in the *Vaughn* index.

All of the requests for additional information that are contained in plaintiff's Proposed Order either go well beyond what this Court required of the government, or are baseless.  First, plaintiff demands "[a] more detailed description for each document."  But the *Vaughn* index already contains the information that plaintiff purportedly seeks: it identifies the subject of each document; the document's date; the number of pages; the author (DHS and, in the case of the memorandum, the Acting Secretary of DHS); and the recipient (the President).

Plaintiff next seeks separate entries for each document, but the *Vaughn* index already has separate entries.  Although the first entry on the *Vaughn* index lists two State Department Identifiers, *see* Pl.'s Br. 3 n.4, that is simply the result of the document being processed in two parts; the entry clearly describes a single document.

To the extent plaintiff claims that, in order for the government to satisfy the requirements of the presidential communication privilege, the government must identify all recipients of the records to date, *see* Pl.'s Br. 5-6 & Proposed Order, this is a legal argument that should be resolved at summary judgment.  Indeed, this argument demonstrates precisely why plaintiff's complaints about the *Vaughn* index must be resolved on summary judgment, where the government has the opportunity not only to put in its proof but also to argue why that proof is sufficient to meet the government's burden.

Plaintiff also requests "[a]n explanation of which portions of each document each exemption allegedly corresponds to."  But such information is not required where, as here, the government has applied a threshold exemption withholding the records in full.  *Compare Halperin v. FBI*, 181 F.3d 279, 293-94 (2d Cir. 1999) (requiring description of specific exempt portions

where records were released in part), *with New York Times Co. v. U.S. Dep't of Justice*, No. 16 Civ. 6120 (RMB), 2017 WL 4712636, at *20-*27 (S.D.N.Y. Sept. 29, 2017) (in case involving threshold exemption applied in full, government met burden on partial exemptions with *Vaughn* index that did not specify portions of records to which exemptions applied).   Indeed, the Second Circuit cited approvingly to the form of the *Vaughn* index that was appended to the D.C. Circuit's opinion in *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108 (D.C. Cir. 2004), an index which is substantively similar to the *Vaughn* index at issue here.   *New York Times*, 758 F.3d at 439.   As in this case, at issue in *Judicial Watch* were documents that were withheld in full under the presidential communication privilege, portions of which were withheld in part under other privileges.   365 F.3d at App. A.   And the *Judicial Watch* index, like the index produced by the government in the instant case, did not provide additional details regarding which portions of the fully exempt documents corresponded to the government's claims of additional exemptions.

Finally, plaintiff demands that the government provide "[a] reasonably specific application of each claimed exemption that engages with the contents of the document(s) and is not merely a policy justification for the claimed exemption(s)."   Insofar as such an analysis is necessary here, it is most effectively done through the submission of agency declarations, as the government is entitled to do.   *Carney*, 19 F.3d at 812.   And again, whether the government's application of a given exemption is sufficiently "specific" for purposes of justifying a claimed exemption, or whether it amounts to a mere "policy justification," is a legal question that the Court cannot decide without consideration of the parties' legal arguments—which is exactly why this case, like any FOIA case, should proceed to summary judgment.   *American Civil Liberties Union*, 973 F. Supp. 2d at 313.

That is the problem with plaintiff's motion: it seeks to hold the government to its summary judgment burden before the government has been allowed to move for summary judgment. Tellingly, plaintiff does not, and cannot, identify a single case where the court evaluated the government's *Vaughn* index in the current posture—in every case it cites, the court was evaluating the *Vaughn* index within the context of deciding a motion for summary judgment. That is what should happen here: the government should be permitted to submit a *Vaughn* index and agency declarations, and advance its legal arguments for why these materials are sufficient to carry its burden. Accordingly, the Court should set a schedule for summary judgment briefing consistent with the schedule requested in the government's letter dated February 23, 2018 (ECF No. 31)—a schedule to which plaintiff has consented (ECF No. 32).[1]

---

[1] To the extent plaintiff is arguing that it requires additional time between receiving the government's materials in support of summary judgment and filing its opposition papers, *see* Pl.'s Br. 2 n.3, that is easily remedied: the Court can simply enter a schedule that gives plaintiff more than 30 days to file its cross-motion for summary judgment and opposition. Notably, however, plaintiff has provided no explanation for why extra time would be required. Indeed, the volume of documents at issue is minimal and there is nothing extraordinary about the government's assertion of exemptions.

## <u>CONCLUSION</u>

Plaintiff's motion to compel should be denied, and the Court should enter a summary judgment briefing schedule as requested in the government's pre-motion conference letter.

Dated: New York, New York
      March 15, 2018

                                                      GEOFFREY S. BERMAN
                                                      United States Attorney for the
                                                      Southern District of New York
                                                      *Attorney for Defendant*

                                        By:  <u> /s/ *Christopher Connolly*     </u>
                                                     CHRISTOPHER CONNOLLY
                                                     Assistant United States Attorney
                                                     86 Chambers Street
                                                     New York, New York 10007
                                                     Tel.: (212) 637-2761
                                                     Fax: (212) 637-2786
                                                     E-mail: christopher.connolly@usdoj.gov