UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/16/18
```

BRENNAN CENTER FOR JUSTICE AT
NEW YORK UNIVERSITY SCHOOL OF
LAW,

      Plaintiff,

- against -

UNITED STATES DEPARTMENT OF
STATE,

      Defendant.

**ORDER**

17 Civ. 7520 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

    The Brennan Center for Justice brings this action against the U.S. Department of State to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (Cmplt. (Dkt. No. 1) ¶ 1) On January 10, 2018, this Court granted Plaintiff's motion to expedite, and directed Defendant to "produce all non-exempt materials and a declaration – consistent with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) – explaining what exemptions apply to any materials withheld." (Order (Dkt. No. 30) at 16-17)[1] On March 15, 2018, Plaintiff moved to compel production of a Vaughn index, contending that the Vaughn index that Defendant produced is insufficient. (Mot. (Dkt. No. 34); Pltf. Br. (Dkt. No. 35) at 2)

---

[1] Unless otherwise indicated, the page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Filing system.

## BACKGROUND[2]

On July 20, 2017, Plaintiff submitted a FOIA request to Defendant for "23 categories of records related to the [Government's] travel bans." (Cmplt. (Dkt. No. 1) ¶ 25; Cmplt., Ex. B (FOIA Request) (Dkt. No. 1-2))

On October 10, 2017, Plaintiff filed this action, which seeks a subset of the documents sought in its FOIA request – namely, the July 9, 2017 and September 15, 2017 reports referenced in President Trump's September 24, 2017 Proclamation entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry into the United States by Terrorists or Other Public Safety Threats." (See Cmplt. (Dkt. No. 1) ¶ 2, Ex. A (Proclamation) (Dkt. No. 1-1); see also Proclamation No. 9,645, 82 Fed. Reg. 45,161 (Sept. 24, 2017))

On December 21, 2017, Plaintiff moved to expedite this action. (See Mot. (Dkt. No. 22)) On January 10, 2018, this Court granted Plaintiff's motion, and directed Defendant to "produce all non-exempt materials and a declaration – consistent with Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973) – explaining what exemptions apply to any materials withheld" by February 9, 2018. (Order (Dkt. No. 30) at 16-17)

In directing Defendant to produce a Vaughn index prior to summary judgment, this Court noted that courts "'balance[] the same equities pertinent to the timing of a response to a FOIA document request in their determinations of the appropriate timing of a response to a Vaughn index request.'" (Id. at 15 (citations omitted)) "[G]iven that '[D]efendant ha[d] not even indicated when it plans to file [a dispositive] motion,'" this Court found that "'[i]t would be unfair to allow [Defendant] months to prepare its case and then force [Plaintiff] to formulate [its] entire case within [the short time it would] have to respond to that motion.'" (Id. at 16

---

[2] Familiarity with the facts set forth in the January 10, 2018 order is presumed.

2

(quoting Providence Journal Co., 769 F. Supp. at 69 (quoting Hansen v. U.S. Dep't of Air Force, No. CIV. A. 91-0099-LFO, 1991 WL 199748, at *1 (D.D.C. Apr. 15, 1991))). Moreover, because Defendant had "provided no information regarding the exemptions it plans to claim," this Court determined that a Vaughn index was necessary "'to restore the traditional adversary process.'" (Id. (citations omitted)).

On February 9, 2018, Defendant produced a Vaughn index to Plaintiff, setting forth the exemptions it plans to claim. (Vaughn Index (Dkt. No. 31-1) at 1-3) On February 23, 2018, Defendant filed a pre-motion letter requesting leave to file a motion for summary judgment. (Feb. 23, 2018 Def. Ltr. (Dkt. No. 31))

In a February 28, 2018 letter, Plaintiff agrees that the action "should proceed to summary judgment," and states that the briefing schedule proposed by the Government is acceptable. (Feb. 28, 2013 Pltf. Ltr. (Dkt. No. 32)) Plaintiff contends, however, that "Defendant's Vaughn index is facially deficient because it does not comply with FOIA case law," and requests that this Court order Defendant to "serve a sufficient index" before proceeding to summary judgment briefing. (Id. at 2)

Briefing on Plaintiff's motion to compel is now complete. Plaintiff complains that Defendant's Vaughn index is "conclusory" and "simply lists the claimed exemptions without explaining the factual basis for their application or the specific portions of the documents to which the exemptions correspond." (Pltf. Br. (Dkt. No. 25) at 6) The Government argues that (1) its Vaughn index is sufficient to allow Plaintiff to prepare for summary judgment, because it "gives [P]laintiff a picture of the scope of the responsive records identified, the nature of those records, and the nature of and basis for the exemptions applied"; and (2) it is entitled to supplement its Vaughn index with declarations and/or affidavits of agency officials at summary

3

judgment, and that accordingly the sufficiency of its Vaughn index is properly determined at summary judgment. (Def. Br. (Dkt. No. 36) at 4-8) Defendant requests that this Court deny Plaintiff's motion to compel, and set a schedule for summary judgment briefing. (Id. at 3)

## DISCUSSION

### I. SUFFICIENCY OF *VAUGHN* INDEX

#### A. Applicable Law

"A Vaughn index 'require[s] agencies to itemize and index the documents requested, segregate their disclosable and non-disclosable portions, and correlate each non-disclosable portion with the FOIA provision which exempts it from disclosure.'" Ferguson v. F.B.I., 722 F. Supp. 1137, 1144 (S.D.N.Y. 1989) (alteration in original) (quoting Brown v. Fed. Bureau of Investigation, 658 F.2d 71, 73 (2d Cir. 1981)). This is often a "necessary aspect of FOIA litigation because, in the typical case, only the agency knows the exact nature of the documents . . . being withheld[, and] . . . [t]he party seeking to obtain documents usually can only speculate on their contents." Brown, 658 F.2d at 73-74.

A Vaughn index thus "serves three functions":

> [1] it forces the government to analyze carefully any material withheld, [2] it enables the trial court to fulfill its duty of ruling on the applicability of the exemption, [3] and it enables the adversary system to operate by giving the requester as much information as possible, on the basis of which he can present his case to the trial court.

Halpern v. F.B.I., 181 F.3d 279, 291 (2d Cir. 1999) (quoting Keys v. U.S. Dep't of Justice, 830 F.2d 337, 349 (D.C. Cir. 1987)).

In order to serve its intended purpose, a Vaughn index must meet two requirements: (1) "the documentation must include 'a relatively detailed analysis [of the withheld material] in manageable segments' without resort to 'conclusory and generalized allegations of exemptions'"; and (2) "the documentation must also provide 'an indexing system

[that] would subdivide the [withheld] document under consideration into manageable parts cross-referenced to the relevant portion of the Government's justification.'" Id. at 290 (quoting Vaughn, 484 F.2d at 826-27). By requiring this type of detailed disclosure, a Vaughn index helps "correct the adversarial imbalance of information" and "permit[s] more effective factual review." Id. (citing Vaughn, 484 F.2d at 826).

When analyzing the sufficiency of a Vaughn index, "'it is the function, not the form, of the index that is important.'" Halpern, 181 F.3d at 291 (quoting Keys, 830 F.2d at 349); Judicial Watch, Inc. v. Food & Drug Admin., 449 F.3d 141, 146 (D.C. Cir. 2006) ("[W]e focus on the functions of the Vaughn index, not the length of the document descriptions, as the touchstone of our analysis."). Indeed, the Second Circuit has "eschewed rigid adherence to any particular indexing format under the Vaughn standard," id., and – although commonly referred to as a Vaughn index – Vaughn documentation may also take the form of, or be supplemented by, affidavits. See, e.g., New York Times Co. v. U.S. Dep't of Justice, 758 F.3d 436, 439 (2d Cir. 2014) ("In some cases detailed affidavits from agency officials may suffice to indicate that requested documents are exempt from disclosure."); Halpern, 181 F.3d at 291 (evaluating the sufficiency of a Vaughn affidavit). Ultimately, the "hallmark test" for determining whether a Vaughn index is sufficient is whether "'the requester and the trial judge [are] able to derive from the index a clear explanation of why each document or portion of a document withheld is putatively exempt from disclosure.'" Ajluni v. Fed. Bureau of Investigation, No. 94 Civ. 325, 1996 WL 776996, at *3 (N.D.N.Y. July 16, 1996) (quoting Davin v. U.S. Dep't of Justice, 60 F.3d 1043, 1050 (3d Cir. 1995)).

B. **Analysis**

Here, both sides agree that Defendant is entitled to supplement its Vaughn index at summary judgment, and Defendant has represented that it intends to file declarations to supports its claimed exemptions. (See Def. Br. (Dkt. No. 36) at 5; Pltf. Br. (Dkt. No. 35) at 8 n. 6 ("Plaintiff does not assert that, on summary judgment, Defendant is limited to defend itself solely based on the Vaughn index.")) Absent these supporting declarations and the parties' legal memoranda, it is not possible to assess whether Defendant's Vaughn index complies with Vaughn's "reasonable specificity" standard.[3] See Halpern, 181 F.3d at 291. Indeed, all of the cases cited by Plaintiff suggest that summary judgment is the proper context in which to evaluate the sufficiency of a Vaughn index. See id. (holding, at summary judgment, that the agency's Vaughn affidavit "fail[ed] to fulfill the functional purposes" of Vaughn, because the agency's "conclusory statement[s] completely fail[ed] to provide the kind of fact-specific justification that either (a) would permit appellant to contest the affidavit in adversarial fashion, or (b) would permit a reviewing court to engage in effective de novo review of the FBI's redactions"); Ajluni v. Fed. Bureau of Investigation, No. 94 Civ. 325, 1996 WL 776996, at *3 (N.D.N.Y. July 16, 1996) (holding, at summary judgment, that a Vaughn index was not sufficiently specific because

---

[3] The Court expects that Defendant's declarations will provide additional information concerning the authors and recipients of the documents, along with an explanation as of why these reports fall within the claimed exemptions. See Halpern, 181 F.3d at 291 (To satisfy the Vaughn standard, the agency must "describe with reasonable specificity the nature of the documents at issue and the justification for nondisclosure; the description provided in the affidavits must show that the information logically falls within the claimed exemption." (internal quotation marks and citations omitted)); Am. Civil Liberties Union v. Dep't of Justice, No. 15 Civ. 1954 (CM), 2016 WL 889739, at *5 (S.D.N.Y. Mar. 4, 2016) ("The widespread dissemination of documents, to persons well beyond the circle of close presidential advisors, will eviscerate the presidential communications privilege. . . . [I]t is certainly possible that the claimed privilege applies. But the court does not know how widely the document has been distributed, or to whom, or for what purposes it has been used.").

it did not "provide[] a basis for plaintiff to meaningfully object," or "allow[] the Court to fulfill its duty of ruling on the applicability of the exemptions).

Defendant has provided Plaintiff with an index specifying the nature of the documents withheld, the originating agency, and the exemptions Defendant plans to claim. (See Vaughn Index (Dkt. No. 31-1)) Moreover, Defendant has consented to an adjusted briefing schedule, affording Plaintiff additional time to respond to Defendant's summary judgment motion upon receipt of Defendant's motion papers and supporting declarations. (See Def. Br. (Dkt. No. 36) at 8 n. 1) Under these circumstances, this Court will reserve judgment on the sufficiency of Defendant's Vaughn index, and will instead set a briefing schedule.

It is hereby ORDERED that the following schedule will apply to the parties' respective cross-motions for summary judgment:

1. Defendant's motion is due on **May 14, 2018.**

2. Plaintiff's opposition and cross-motion is due on **June 28, 2018.**

3. Defendant's opposition and reply is due on **July 12, 2018.**

4. Plaintiff's reply in support of its motion for summary judgment is due on **July 22, 2018.**

## CONCLUSION

For the reasons stated above, Plaintiff's motion to compel is denied. The Clerk of the Court is directed to terminate the motion (Dkt. No. 34).

Dated: New York, New York
     April 16, 2018

SO ORDERED.

*Paul Gardephe*
Paul G. Gardephe
United States District Judge