

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

86 Chambers Street, 3rd floor
New York, New York 10007

**MEMO ENDORSED**

March 13, 2025

*This Court's March 10, 2025 Order is stayed until April 11, 2025. In the event that the Government files a timely notice of appeal, this Court's Order will be stayed pending resolution of the appeal.*

**BY ECF**
The Honorable Paul G. Gardephe
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re: *Brennan Center for Justice v. U.S. Dep't of State*, 17 Civ. 7520 (PGG)

Dear Judge Gardephe:

**SO ORDERED:**

*[signature]*
Paul G. Gardephe, U.S.D.J.
Dated: March 13, 2025

This Office represents defendant the U.S. Department of State in the above-referenced Freedom of Information Act ("FOIA") matter. In its order dated March 10, 2025 (ECF No. 100), the Court granted in part and denied in part the parties' cross-motions for summary judgment. Relevant to this application, the Court held that the first three pages of a record the government had withheld in full—a "Memorandum from the Acting Secretary of DHS [the Department of Homeland Security] to the President regarding Section 2(e) of Executive Order 13780," dated September 15, 2017—were not properly withheld under FOIA's exemptions. The Court directed the government to disclose the three pages of the memorandum within 10 days of the date of the order, *i.e.*, by Thursday, March 20, 2025. Final judgment was entered in accordance with the Court's order on March 11, 2025. (ECF No. 101).

The government respectfully requests that the Court stay its disclosure order for 61 days from the date of final judgment, until Tuesday, May 12, 2025, to allow the government time to determine whether to appeal from the order.[1] The government further requests that,

---

[1] Congress has provided the government 60 days in which to appeal. 28 U.S.C. § 2107(b); *see* Fed. R. App. P. 4(a)(1)(B). Because 60 days from the date of entry of judgment is a Saturday, the government's deadline to appeal from the Court's order would be Monday, May 11, 2025. *See* Fed. R. Civ. P. 6(a)(1)(C). If the Court grants the requested stay and no notice of appeal is filed on May 11, the government will produce the pages of the memorandum to plaintiff by the following day. If the government determines not to appeal at any point prior to the May 11 deadline, it will disclose the pages of the record promptly.

if it timely notices an appeal, the Court's disclosure order be stayed pending resolution of the appeal. As explained below, plaintiff consents to a 21-day extension of the current disclosure deadline, to Thursday, April 10, 2025.

**The government's position**

A stay pending the government's determination whether to appeal is warranted. Courts consider four factors when considering a stay application: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litigation*, 503 F.3d 167, 170 (2d Cir. 2007). With respect to the first factor, where the balance of equities strongly favors a stay, the government need only "present a substantial case on the merits" to obtain a stay. *LaRouche v. Kezer*, 20 F.3d 68, 72-73 (2d Cir. 1994); *see also Providence Journal Co. v. FBI*, 595 F.2d 889, 890 (1st Cir. 1979) ("appellants need not show an absolute probability of success in order to be entitled to a stay" of FOIA disclosure order; granting stay where government demonstrated its appeal had "potential merit" and "serious legal questions" were presented).

Here, the second factor overwhelmingly favors a stay. The irreparable injury standard for obtaining a stay is satisfied "[w]here, as here, the denial of a stay will utterly destroy the status quo . . . but the granting of a stay will cause relatively slight harm to appellee." *Providence Journal Co.*, 595 F.2d at 890. "Particularly in the FOIA context, courts have routinely issued stays where the release of documents would moot a defendant's right to appeal." *People for American Way Foundation v. Dep't of Education*, 518 F. Supp. 2d 174, 177 (D.D.C. 2007); *see HHS v. Alley*, 129 S. Ct. 1667 (2009) (Thomas, J., in chambers) (staying FOIA disclosure pending disposition of appeal); *John Doe Agency v. John Doe Corp.*, 488 U.S. 1306, 1309 (1989) (Marshall, J., in chambers) (denial of stay of FOIA order would cause mootness and thus irreparable injury). Stays are necessary where a court has ordered disclosure under FOIA because "once there is disclosure" in a FOIA matter, "the information belongs to the general public," *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 174 (2004), and any protection the government has against disclosure is rendered meaningless and any appeal moot. That alone is a powerful reason to grant a stay. *Nat'l Immigration Project of the Nat'l Lawyers Guild v. DHS*, 842 F. Supp. 2d 720, 733 (S.D.N.Y. 2012) ("failure to stay the [FOIA] disclosure required by the Order would cause the Government irreparable injury if the ruling was erroneous"). "Disclosure followed by appeal after final judgment is obviously not adequate in such cases—the cat is out of the bag." *In re Papandreou*, 139 F.3d 247, 251 (D.C. Cir. 1998).

Requiring disclosure of the portions of the memorandum on the Court's expedited timeframe will irreparably harm the government by severely hampering its ability to carefully consider appeal. The Solicitor General must authorize any appeal by the government. *See* 28 C.F.R. § 0.20(b). In deciding whether to do so in a case such as this one, the Solicitor General seeks input from a number of components of the Department of

2

Justice, including the United States Attorney's Office handling the case, as well as interested federal agencies, which in this case includes both DHS (to which the records at issue in this case were referred for direct response, and which withheld the memorandum in full pursuant to Exemption 5 and the presidential communications privilege, and in part pursuant to other exemptions) and the State Department (the named defendant, which asserted Exemption 1 over parts of the memorandum). The need for extensive consultation and high-level decisionmaking is why Congress has afforded the government, unlike other litigants, 60 days in which to notice an appeal. 28 U.S.C. § 2107(b). The 10 days provided by the Court's order—or even the 21 additional days to which plaintiff consents—would not allow sufficient time for the relevant government components to make considered recommendations and for the Acting Solicitor General to determine whether to authorize appeal. Indeed, given the time that has elapsed since the memorandum was initially withheld and the parties submitted their briefing, it is especially important that government personnel involved in the consultation process have sufficient time to consider the issues and make recommendations, particularly where previous personnel have left government service or moved to other positions and new personnel will need to get up to speed.

The other factors also support a stay. Should the government determine to appeal, it may, at the very least, "present a substantial case on the merits," which, combined with the certainty of irreparable harm, supports a stay. *LaRouche*, 20 F.3d at 72-73. The Court ordered disclosure based in part on its determination that the pages of the memorandum "contain general background information" and the presidential communications privilege did not apply because "the information contained in these pages has been disclosed in other publicly available documents." Order 22. But the presidential communications privilege "applies to documents in their entirety," *Judicial Watch, Inc. v. DOJ*, 365 F.3d 1108, 1113 (D.C. Cir. 2004), and "none of the cases suggest that it encompasses only the deliberative or advice portions of documents," *In re Sealed Case*, 121 F.3d 729, 745 (D.C. Cir. 1997). Moreover, as the government explained in its opposition and reply brief, there are substantial arguments that the presidential communications privilege cannot be waived by disclosure of similar information elsewhere, and the case on which the Court's order relies for its holding, *Center for Effective Government v. U.S. Dep't of State*, 7 F. Supp. 3d 16 (D.D.C. 2013), is distinguishable on its facts. *See* Gov't Opp. & Reply Br. (ECF No. 52) 4-9. At the very least, the government could present a substantial case on the merits if the Acting Solicitor General authorizes appeal.

The public interest also favors a stay. As a general matter, although FOIA provides for disclosure, it also "expressly recognizes that important interests are served by its exemptions, and those exemptions are as much a part of FOIA's purposes and policies as the statute's disclosure requirement." *Food Marketing Institute v. Argus Leader Group*, 139 S. Ct. 2356, 2366 (2019) (citations, quotation marks, and alterations omitted). The presidential communications privilege, in particular, implicates important public interests. That privilege is "fundamental to the operation of government and inextricably rooted in the separation of powers under the Constitution," and is justified in part because "[a] President and those who assist him must be free to explore alternatives in the process of shaping policies and making decisions and to do so in a way many would be unwilling to express except privately." *United States v. Nixon*, 418 U.S. 683, 708 (1974). The public

3

would therefore benefit from the government's careful consideration of whether appeal is warranted. *Cf. Nat'l Immigration Project*, 842 F. Supp. 2d at 733 ("while the Court agrees with plaintiffs that the public has a substantial interest in receiving the information here at issue, the public also has an interest in having disclosures of secretive government documents reviewed by an appellate court").

Against the weight of these factors, any injury to plaintiff is modest and insufficient to tip the balance. Any possible prejudice to plaintiff arising from passage of the 60 days allotted to the government by law to determine whether to appeal—or during the pendency of any appeal—is outweighed by the harm to the government and the public resulting from the compromise of the government's appellate rights and the release of potentially exempt material. *See Providence Journal Co.*, 595 F.2d at 890 ("Weighing [the postponement of disclosure] against the total and immediate divestiture of appellants' rights to have effective review in this court, we find the balance of hardship to favor the issuance of a stay."). That is particularly true to the extent that, as the Court believed, "the information contained in these pages has been disclosed in other publicly available documents." Order 22.

**Plaintiff's position**

Although Plaintiff agrees to an extension of 21 days, i.e., until April 10, for the government to produce the material ordered by the Court, Plaintiff submits that a 61-day extension is unwarranted. As a general matter, FOIA cases are entitled to expedition, *see* 28 U.S.C. § 1657(a); ECF 30, reported at 300 F. Supp.3d 540 (S.D.N.Y. 2018); *Elec. Privacy Info. Ctr. v. Dep't of Justice*, 416 F. Supp. 2d 30, 38-39 (D.D.C 2006), especially where, as here, the subject matter is of particularly great public interest and importance, *see* ECF 49 at 2. Plaintiff submits that there is no reason to depart from these principles in this case given that only three pages are at issue and this extension means that the government will have a month to review those three pages and determine whether to appeal the Court's March 10 Order notwithstanding the Court's findings that the three pages are unclassified and the information in those pages has already been publicly disclosed.

\*   \*   \*

The government respectfully requests (i) that the Court stay its order for 61 days to allow the government time to determine whether to appeal and (ii) that, in the event the government timely notices an appeal, the order remain stayed pending resolution of the appeal. We thank the Court for its consideration of this request.

    Respectfully submitted,

    MATTHEW PODOLSKY
    Acting United States Attorney for the
    Southern District of New York

By:  */s/ Christopher K. Connolly*
    CHRISTOPHER K. CONNOLLY
    Assistant United States Attorney
    86 Chambers Street, 3rd Floor
    New York, New York 10007
    Tel.: (212) 637-2761
    christopher.connolly@usdoj.gov

cc: *Plaintiff's counsel* (by ECF)